

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 1 8 2010
J. T. NOBLIN, CLERK
BY_____DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.

ELVIS D. PRATER and
DEWAYNE E. JOHNSON

CRIMINAL NO. 5: 10cr14DCB-FKB

18 U.S.C. § 242
18 U.S.C. § 371
18 U.S.C. § 1001

**The Grand Jury charges:**

## COUNT ONE
### Deprivation of Rights Under Color of Law

On or about May 23, 2009, in Adams County, in the Western Division of the Southern District of Mississippi, the defendant, **ELVIS D. PRATER,** while acting under color of law as a Police Officer with the Natchez Police Department, unlawfully assaulted J.D.E. in the head and face, thereby willfully depriving J.D.E. of the right, secured and protected by the United States Constitution, to be free from the use of unreasonable force by a police officer. This offense resulted in bodily injury to J.D.E.

All in violation of Title 18, United States Code, Section 242.

## COUNT TWO
### Deprivation of Rights Under Color of Law

On or about May 23, 2009, in Adams County, in the Western Division of the Southern District of Mississippi, the defendant, **ELVIS D. PRATER,** while acting under color of law as a Police Officer with the Natchez Police Department, unlawfully assaulted J.E. in the head and

face, thereby willfully depriving J.E. of the right, secured and protected by the United States Constitution, to be free from the use of unreasonable force by a police officer.   This offense resulted in bodily injury to J.E.

All in violation of Title 18, United States Code, Section 242.

## COUNT THREE
Deprivation of Rights Under Color of Law

On or about May 23, 2009, in Adams County, in the Western Division of the Southern District of Mississippi, the defendant, **DEWAYNE E. JOHNSON,** while acting under color of law as a Police Officer with the Natchez Police Department, willfully failed to prevent another police officer in his presence, namely, ELVIS D. PRATER, from unlawfully assaulting J.E. while J.E. was in the custody of **DEWAYNE E. JOHNSON**, thereby willfully depriving J.E. of the right, secured and protected by the United States Constitution, to be protected from a police officer's use of unreasonable force.   This offense resulted in bodily injury to J.E.

All in violation of Title 18, United States Code, Section 242.

## COUNT FOUR
Deprivation of Rights Under Color of Law

On or about May 23, 2009, in Adams County, in the Western Division of the Southern District of Mississippi, the defendant, **DEWAYNE E. JOHNSON,** while acting under color of law as a Police Officer with the Natchez Police Department, stole debit and credit cards from J.E., an arrestee in his custody, thereby willfully depriving J.E. of the rights, secured and protected by the United States Constitution, to be free from an unlawful seizure and not to be deprived of property without due process of law.

All in violation of Title 18, United States Code, Section 242.

COUNT FIVE
Conspiracy

Beginning on or about May 23, 2009, and continuing until on or about May 31, 2009, in

Adams County and elsewhere, in the Western Division of the Southern District of Mississippi and

elsewhere, the defendant, **DEWAYNE E. JOHNSON,** did knowingly and willfully combine,

conspire, and agree with Patricia Wilson and others to commit offenses against the United States;

that is, to commit the offenses of identity theft, in violation of Title 18, United States Code, Section

1028(a)(7); access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2),

and bank fraud, in violation of Title 18, United States Code, Section 1344.

<u>Plan and Purpose of the Conspiracy</u>

It was part of the plan and purpose of the conspiracy that **DEWAYNE E. JOHNSON**, a

Police Officer with the Natchez Police Department, would steal credit and debit cards from J.E., an

arrestee in his custody; that he would obtain from J.E. the personal identification number ("PIN")

corresponding to the debit card; and that he would give Patricia Wilson a stolen card for her to use

to make purchases.

<u>Overt Acts in Furtherance of the Conspiracy</u>

In furtherance of this conspiracy and to accomplish its objectives, the conspirators

committed the following overt acts, among others, beginning on or about May 23, 2009, and

continuing until on or about May 31, 2009, within the Western Division of the Southern District of

Mississippi and elsewhere:

1.    **DEWAYNE E. JOHNSON** stole credit and debit cards from J.E., an arrestee in

his custody, and obtained from J.E. the PINs corresponding to the debit cards.

2.    **DEWAYNE E. JOHNSON** telephoned Patricia Wilson and arranged to meet with

her at a retail store in Natchez, Mississippi.

3.     **DEWAYNE E. JOHNSON** and Patricia Wilson met in the parking lot of the retail store in Natchez, Mississippi, where **DEWAYNE E. JOHNSON** told Patricia Wilson that he had a card for her, and handed Patricia Wilson one of the credit cards he had stolen from J.E.

4.     **DEWAYNE E. JOHNSON** asked Patricia Wilson to use the credit card to buy beer for a party that he was throwing at his house.

5.     Patricia Wilson agreed to use the credit card to buy beer for **DEWAYNE E. JOHNSON**.

6.     **DEWAYNE E. JOHNSON** also told Patricia Wilson that the credit card had a credit limit of $3,000 and that, in addition to the beer, Patricia Wilson could buy herself something with the credit card.

7.     Patricia Wilson took the credit card, which she believed to be stolen, to a retail store in Vidalia, Louisiana, where she attempted to purchase a window air conditioner unit and various electronic and retail items that cost approximately $318.29.   After the credit card was declined, a second attempt to complete the purchase was made, but the credit card was again declined.

8.     In addition to the previously described acts, **DEWAYNE E. JOHNSON** made or caused to be made the following charges and attempted charges on the credit and debit cards he stole from J.E.:

      a.     A charge of approximately $52.82 at a gas station in Natchez, Mississippi;

      b.     A charge of approximately $101.65 at a sporting goods store in Natchez, Mississippi;

      c.     A charge of approximately $171.20 at a sporting goods store in Natchez, Mississippi;

d.    A charge of approximately $22.00 that was attempted at a fast food restaurant in Vidalia, Louisiana; and

e.    A charge of approximately $3.78 that was attempted twice at a fast food restaurant in Vidalia, Louisiana.

All in violation of Title 18, United States Code, Section 371.

## COUNT SIX
### False Statements

On or about June 1, 2009, in Adams County, in the Western Division of the Southern District of Mississippi, the defendant, **ELVIS D. PRATER,** did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States; that is, **ELVIS D. PRATER** made the following false statements to a Special Agent of the FBI: (1) that after J.D.E. was placed inside a holding cell at the Natchez Police Department ("NPD") jail, **ELVIS D. PRATER** walked to the NPD offices behind the jail and began working on his police report; and (2) that **ELVIS D. PRATER** had noticed J.E.'s injuries, which consisted of a swollen eye and bleeding from the mouth, at the scene of J.E.'s arrest, before J.E. was placed in a police car for transport to the NPD jail.   In truth and in fact, as **ELVIS D. PRATER** then well knew, (1) after J.D.E. was placed in a holding cell at the NPD jail, **ELVIS D. PRATER** walked outside the sally-port door and assaulted J.E., who was in the back of DEWAYNE E. JOHNSON's patrol car; and (2) **ELVIS D. PRATER** did not observe any injuries on J.E. at the scene of J.E.'s arrest because such injuries were caused later, when **ELVIS D. PRATER** struck J.E. while J.E. was in the back of DEWAYNE E. JOHNSON's patrol car.

All in violation of Title 18, United States Code, Section 1001.

COUNT SEVEN
False Statements

On or about June 1, 2009, and on or about June 2, 2009, in Adams County, in the Western Division of the Southern District of Mississippi, the defendant, **DEWAYNE E. JOHNSON,** did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States; that is, **DEWAYNE E. JOHNSON** made the following false statements to a Special Agent of the FBI: (1) on June 1, 2009, **DEWAYNE E. JOHNSON** said that J.E. was bleeding and had a swollen eye at the scene of J.E.'s arrest before **DEWAYNE E. JOHNSON** placed J.E. inside a patrol car; (2) on June 1, 2009, **DEWAYNE E. JOHNSON** said that he did not take J.E.'s credit cards; and (3) on June 2, 2009, **DEWAYNE E. JOHNSON** said that J.E. injured himself after being tased and hitting the pavement.   In truth and in fact, as **DEWAYNE E. JOHNSON** then well knew, (1) J.E. was not bleeding and did not have a swollen eye at the scene of J.E.'s arrest; (2) **DEWAYNE E. JOHNSON** stole J.E.'s debit and credit cards; and (3) J.E.'s injuries resulted when J.E. was assaulted in the back of **DEWAYNE E. JOHNSON's** patrol car.

All in violation of Title 18, United States Code, Section 1001.

COUNT EIGHT
False Statements

On or about September 29, 2009, in Adams County, in the Western Division of the Southern District of Mississippi, the defendant, **DEWAYNE E. JOHNSON,** did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the

executive branch of the Government of the United States; that is, **DEWAYNE E. JOHNSON** made the following false statements to a Special Agent of the FBI: (1) that J.E.'s injuries were caused by J.E. being tased and falling face first onto the ground; (2) that **DEWAYNE E. JOHNSON** did not know anything about the credit cards that were missing from J.E.'s wallet the night he was arrested; and (3) that **DEWAYNE E. JOHNSON** did not know how Patricia Wilson acquired J.E.'s credit card.   In truth and in fact, as **DEWAYNE E. JOHNSON** then well knew, (1) J.E.'s injuries were caused by J.E. being assaulted in the back of **DEWAYNE E. JOHNSON's** patrol car J.E.; (2) **DEWAYNE E. JOHNSON** stole J.E.'s debit and credit cards; and (3) **DEWAYNE E. JOHNSON** gave Patricia Wilson a credit card he had stolen from J.E.

All in violation of Title 18, United States Code, Section 1001.

DONALD R. BURKHALTER
United States Attorney

THOMAS E. PEREZ
Assistant Attorney General
United States Department of Justice
Civil Rights Division

By:

Erin Aslan
Trial Attorney

s/Signature Redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 18th day of August, 2010.

UNITED STATES MAGISTRATE JUDGE