```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL NO. 5:10-cr-14-DCB-FKB

ELVIS D. PRATER and
DEWAYNE D. JOHNSON                                        DEFENDANTS
```

**ORDER**

This cause comes before the Court on Defendant Dewayne E. Johnson's Motion for New Trial [docket entry no. 114]. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I.      Relevant Facts and Procedural History**

Defendant Johnson, a Natchez Police Officer, was indicted for one counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and for one count of making false statements in violation of 18 U.S.C. § 1001, arising out of the alleged beatings of two arrestees by co-Defendant Elvis Prater, also a Natchez Police Officer.  Johnson was also alleged to have stolen credit cards from one of the arrestees resulting in indictments for an additional count each of false statements and deprivation of rights under color of law, as well as for conspiracy to commit identity theft, credit card fraud, and bank fraud, in violation of 18 U.S.C. § 371.  Trial on these charges commenced on February 22, 2011 and the jury returned a verdict on March 2, 2011

as to only two of the eight counts charged in the indictment: that Defendant Johnson was guilty as to deprivation of rights under color of law arising out of the theft of the arrestee's credit cards; and that Defendant Prater was not guilty regarding the alleged deprivation of rights under color of law arising out of the beating of one of the arrestees.  The jury did not reach a verdict as to six of the eight counts of the indictment and re-trial is currently set for June 20, 2011.

Johnson now moves for a new trial arguing that (1) the Government improperly commented on his exercise of the Constitutional right not to testify; (2) the Court erred in giving an Allen charge to the jury; (3) the Court erred in raising a *sua sponte* Batson challenge during jury selection;(4) the Court erred in refusing to strike potential jurors who had seen or read information about the case before trial; (5) the Court erred in suggesting that it may call a district-wide jury for the retrial; (6) the Court erred in striking members of the jury pool who knew Defendant Johnson's counsel; (7) the Court erred in permitting a juror to remain on the panel who is related to a local attorney with opinions on the case; and (8) the Court erred in responding to a written question from the jury.

## II.  Standard on Motion for New Trial

Though Johnson does not cite a specific rule in support of his Motion, he apparently requests a new trial under Federal Rule of

Criminal Procedure 33, which permits a court to vacate judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33.  Rule 33 divides motions for new trial based on the interest of justice into two different subcategories: (1) motions based on newly discovered evidence; and (2) motions based on "other grounds."  United States v. Wall, 389 F.3d 457, 466 (5th Cir. 2004).  Johnson does not cite newly discovered evidence and thus his Motion is based on "other grounds." Generally, "the trial court should not grant a motion for new trial [on "other grounds"] unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." Id. (citing United States v. O'Keefe, 128 F.3d 885, 898 (5th Cir. 1997)).  A new trial is granted only upon demonstration of adverse effects on substantial rights of the defendant.  Id.  (citing United States v. Rasco, 123 F.3d 222, 228 (5th Cir. 1997)).  The decision to grant a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances."  United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005).  The Court will examine each of the argued bases for a new trial in turn.

### III. Analysis

A.   **Government Comment on Invocation of Fifth Amendment**

Johnson's first argument for a new trial is that the Government improperly commented on his decision not to testify at trial which is protected by the Fifth Amendment.  Johnson does not

refer specifically to any time at which attorneys for the Government allegedly made such comments and the Court did not observe any during trial. Accordingly, the Court finds that there was no miscarriage of justice and the Motion on this ground is denied.

    B.   **<u>Allen</u> Charge**

Johnson next argues that he is entitled to a new trial because the Court erred in giving the jury an <u>Allen</u> charge[1] which informed them that they could render a partial verdict. Johnson also suggests that the jury was somehow coerced to reaching a verdict because on the day that the Court gave the <u>Allen</u> charge, the jury had been deliberating for eight hours without a lunch break. That is not the case — the jury ate lunch in the deliberation room that day and was permitted to leave the jury room for breaks to walk around and/or to smoke. Regarding the <u>Allen</u> charge, Johnson's objection is that the Court instructed the jury that it could render a partial verdict. First, partial verdicts are expressly provided for in the Rules: "If the jury cannot agree on all counts as to any defendant, the jury may return a verdict on those counts on which it has agreed." Fed. R. Crim. P. 31(b)(2). Moreover, the Fifth Circuit has expressly approved an <u>Allen</u> charge that includes

---

    [1] "'<u>Allen</u>' refers to <u>Allen v. United States</u>, 164 U.S. 492 (1896). The term describes supplemental instructions to jurors to forego their differences and reach a unanimous verdict." <u>United States v. Heath</u>, 970 F.2d 1397,1406 n.2 (5th Cir. 1992).

an instruction to the jury that it may return a partial verdict. United States v. Scruggs, 583 F.2d 238, 239 n.3 (5th Cir. 1978). There was no miscarriage of justice and the Court denies Johnson's motion for new trial based on the Allen charge.

### C. Batson Challenges

Johnson next argues that the Court erred in raising a *sua sponte* Batson challenge to the defense counsel's exercise of strikes during jury selection. The Government argues that the Court did not raise its own Batson challenge but instead ruled on the parties' cross-Batson challenges. A review of the record confirms that the Court did not raise a *sua sponte* Batson challenge; rather, the Court informed counsel: "Let me say, as I do in every case, if there are any Batson issues, let me know about it. Sometimes, I'll have to bring them up myself." The Court later informed counsel for the defense that "you're running close on Batson, in my opinion." The Court waited to address any Batson issues, however, until the Government lodged a formal objection to the defense's use of strikes.

In any event, the Court here did not find that either side had violated Batson in its use of peremptory strikes after requiring each side to give race-neutral reasons for its strikes. Thus, even if there is arguably some error in a Court's raising the issue *sua sponte* (which, again, it did not do here), the error did not harm Johnson. Moreover, the Court disagrees that it may not raise a

Batson concern on its own. Johnson cites only one case for the proposition that a Court may not raise a Batson challenge *sua sponte*, Rivera v. Illinois, 129 S.Ct. 1446, 1451 (2009). In Rivera, the Supreme Court addressed "whether the erroneous denial of a peremptory challenge requires automatic reversal of a defendant's conviction as a matter of federal law." Id. at 1452. In so doing, the Court recounted the case's procedural history and noted that the Illinois Supreme Court had held that a trial judge may raise a Batson issue *sua sponte* only when there is a prima facie case of discrimination. Id. at 1451 (citing Rivera v. Illinois, 852 N.E.2d 771 (2006)). That Illinois state law holding obviously has no application here and this Court has not found any Fifth Circuit or other relevant federal precedent suggesting that it is improper for a trial judge to raise a Batson issue *sua sponte*. Regardless, in this instance, it is the Government that first raised a Batson objection to the defense's use of peremptory strikes and thus the Court finds that there was no miscarriage of justice and the Motion is denied on this ground.

    **D.   Court's Refusal to Strike Potential Jurors Who Had Been Exposed to Pretrial Publicity**

Johnson next argues that the Court erred in refusing to strike potential jurors who had been exposed to media coverage of the facts at issue in the trial. Johnson contends that his constitutional rights to a fair trial were violated by allowing venire members who had been exposed to media coverage to remain in

6

the jury pool.  Nevertheless, the Fifth Circuit has made clear that "[e]xposure to pretrial publicity does not render a venireman unfit to serve as a juror per se."  United States v. Chagra, 669 F.2d 241, 249 (5th Cir. 1982)(citations omitted).  Instead, "[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based upon the evidence presented in court."  Id. (quoting Irvin v. Dowd, 366 U.S. 717, 723 (1961)).  Thus, Johnson is incorrect that the presence of jurors who were exposed to pretrial publicity renders his trial necessarily unfair.  Indeed, the Court here asked each venire member about his or her exposure to pretrial publicity and whether that exposure would affect the juror's ability to render an impartial verdict.  None of them indicated that media accounts of the case had influenced them or would render them incapable of being impartial.  Accordingly, there was no miscarriage of justice and Johnson's motion for a new trial on this ground is denied.

    **E.    Intent to Utilize District-Wide Jury Selection**

Johnson next argues that the Court erred in commenting that it would utilize district-wide jury selection in the retrial of this case.  Johnson argues that the purpose of this comment was to dilute the potential jury pool in order to render a different result.  Johnson's argument apparently relates to the composition of the jury on the retrial of this matter and not to the trial that has already occurred.  Any objection to the composition of the jury

7

in the retrial is not grounds for a new trial and thus the Motion is denied as to this issue.

### F. Potential Jurors Struck for Relationship with Counsel for Johnson

Johnson next argues that the Court improperly struck for cause two potential jurors who had a relationship with counsel for Defendant Johnson, Dennis Sweet. Johnson argues that a mere relationship between a member of the venire with the court, witness, or a lawyer alone is not sufficient to strike a member of the venire. In this instance, however, one venire member was struck because she informed the Court that she could not be impartial because she had a prior relationship with Mr. Sweet. This Court has discretion to excuse a juror for cause when it "'is left with the definite impression that a prospective juror would be unable to faithfully and impartially apply the law.'" United States v. Flores, 63 F.3d 1342, 1355 (5th Cir. 1995)(quoting Wainwright v. Witt, 469 U.S. 412, (1985)). Another venire member was struck because Mr. Sweet informed the Court that he formerly had been an employee of Mr. Sweet and the business relationship had ended badly. The Fifth Circuit has upheld a district court's decision to excuse jurors who had prior business dealings with defense counsel. United States v. Harper, 505 F.2d 924, 926 (5th Cir. 1974). There was no miscarriage of justice and the Motion for new trial on this ground is denied.

### G. Alleged Error in Selecting Particular Juror

Johnson next argues that he did not receive a fair trial because a woman remained on the jury whose uncle is a local attorney familiar with the case. The secretary of that same attorney was excused from the jury pool for cause after informing the Court that she had knowledge of the case from hearing her employer discuss it at his office and that she could not be impartial. Again, the Court has the discretion to excuse any juror who leaves the Court with the impression that he or she cannot be impartial. <u>Flores</u>, 63 F.3d at 1355. Johnson has now obtained information that the attorney's niece (who served on the jury) also works for her uncle at his law office and thus would have been exposed to the same discussion of the case. He therefore argues that she should have been excluded from the jury pool for cause.

First, there is nothing on the record to indicate that the juror about whom Johnson complains works for her uncle, the attorney, or that she had heard his opinions about this case. Second, the niece-juror was asked by the Court, as was every member of the venire, whether she had formed any pretrial opinions about the case that would impair her ability to be impartial and the juror did not indicate any. The juror never expressed any doubt about her ability to be impartial during the trial despite the Court's direct inquiry. Jurors are presumed to answer truthfully the questions of *voire dire*. <u>United States v. Rowe</u>, 106 F.3d 1226, 1229 (5th Cir. 1997). Defendant Johnson's argument suggests that

9

this juror did not answer truthfully and thus the Court does not find Johnson's argument to be well-taken. There was no miscarriage of justice and thus the Motion for new trial on this issue is denied.

### H. Error In Jury Instruction Regarding Unlawful Seizure

Johnson next argues that the Court erred in redirecting the jury to its written instructions after the jury submitted a question to the Court regarding the difference between an unlawful seizure and stealing. In the context of this argument, Johnson again objects to the Court's *Allen* charge to the jury reminding them of their ability to render a partial verdict because one of the two counts on which the jury rendered a verdict was the count about which they submitted this question. To the extent that Johnson is again raising his argument regarding the *Allen* charge, the Court has already rejected it. To the extent that Johnson argues that the Court's response to the jury was error, this Court disagrees because the Fifth Circuit has held that redirecting the jury to the original charge, where it is an accurate statement of the law, is proper. United States v. Wilcox, 631 F.3d 740, 753 (5th Cir. 2011)(citing United States v. Arnold, 416 F.3d 349, 359 n.13 (5th Cir. 2005)). In either case, there was no miscarriage of justice and the Motion for new trial on this ground is denied.

**IT IS HEREBY ORDERED** that Defendant Johnson's Motion for New Trial [docket entry no. 114] is **DENIED.**

10

**SO ORDERED AND ADJUDGED** this the 26th day of April, 2011.

                                          s/ David Bramlette

                                      **UNITED STATES DISTRICT JUDGE**